# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 21-cv-81383-BLOOM

DAMETRI DALE,

     Petitioner,

v.

SHERIFF RIC L. BRADSHAW, *et al.*,

     Respondent.

_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. Petitioner Dametri Dale filed an Emergency Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. [1] ("Petition").[1] Petitioner alleges violations of his Eighth Amendment rights to be fee from excessive bail. *Id.* Petitioner's claims are based upon the imposition of a $300,000.00 bond in his ongoing criminal state court proceeding, Case No. 50-2020-CF-001639, in the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. *Id.*[2] The Court has reviewed the Petition, the record in this case, the related state court cases, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Petition is dismissed pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), and all remaining motions are denied as moot.

---

[1] In his Petition, Petitioner cites to 28 U.S.C. § 2241. ECF No. [1] at 2. In error, the Clerk of Court opened this case and designated it as one brought pursuant to 28 U.S.C. § 2254. Upon review, however, the Court finds that it is more appropriate to analyze the Petition as one brought pursuant to § 2241.

[2] The Court takes judicial notice of the relevant, publicly available Florida state court dockets. *See* Fed. R. Evid. 201; *see also United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999) (finding the district court may take judicial notice of the records of inferior courts). In addition, to ensure that the record is complete, the Court has attached the relevant state court case dockets to this Order—i.e., Petitioner's Palm Beach County criminal case, *see* ECF No. [4-1] (Case No. 50-2020-CF-001639), and his appeal before the Fourth District Court of Appeal, *see* ECF No. [4-2] (Case No. 4D21-1792).

## I.  BACKGROUND

Petitioner is a pre-trial detainee presently confined at the Palm Beach County Jail. ECF No.

[1] at 2. On February 20, 2020, an indictment was filed with the trial court charging Petitioner with

one count of first-degree murder with a firearm in violation of § 782.04(1)(a)(1), Florida Statutes.

*Id.*; *see also* ECF No. [4-1] at 1. Petitioner filed a previous petition in this district alleging similar

facts. *Dale v. Inch*, No. 21-cv-81093 (S.D. Fla. July 1, 2021), ECF No. [1]. That court dismissed

the petition pursuant to *Younger* abstention. *Dale*, No. 21-cv-81093, ECF No. [4]. The instant

Petition recites the pertinent facts as previously articulated in the dismissal order in *Dale*:

> On February 20, 2020, the state charged Petitioner with first degree murder
> with a firearm. *Id.* at 2. On March 18, 2020, the court denied Petitioner bail at his
> first appearance. *Id.* at 3. Petitioner decided to represent himself *pro se* beginning
> on February 1, 2021. *Id.* On March 24, 2021, Petitioner filed a motion for a pretrial
> detention hearing arguing that the state could not meet its burden under *State v.
> Arthur*, 390 So. 2d 717 (Fla. 1980). (DE [1] at 3).
>     On April 21, 2021, and days after, the state court conducted an *Arthur*
> hearing, (DE [1] at 4), and did not find proof evident presumption great. The court
> ruled Petitioner was entitled to a reasonable bond, agreeing with the prosecutor's
> recommendation to set bond at $300,000 with conditions including house arrest and
> electronic monitoring. *Id.* The court rejected Petitioner's request to decrease the
> amount. *Id.*
>     On May 10, 2021, Petitioner moved to reduce the bond, arguing $300,000
> was unreasonable as he nor his family could not afford to pay the amount required.
> (DE [1] at 5). The trial court took evidence and denied the motion. *Id.* at 6. On June
> 1, 2021, Petitioner filed a petition for writ of habeas corpus in Florida's Fourth
> District Court of Appeal. *Id.* On June 11, 2021, the appellate court denied the
> petition without an opinion. *Id.*; case no.: 4D21-1792[.]

ECF No. [1] at 2-3 (citing *Dale*, No. 21-cv-81093, ECF No. [4] at 1-2). Petitioner then filed a

habeas petition before the Supreme Court of Florida, which was denied on July 29, 2021. *Id.* at 4.

Petitioner argues that he has exhausted his state court remedies and now seeks to challenge

the state courts' rulings regarding his bond amount. *Id.* at 4. He contends that "the excessive bond

amount is a violation of the Eighth Amendment right to be free form cruel and unusual punishment

and excessive bail shall not be required." *Id.* (citing *Dale*, No. 21-cv-81093, ECF No. [4] at 2).

## II.  LEGAL STANDARD

Petitions for writs of habeas corpus brought by pre-trial detainees are governed by 28 U.S.C. § 2241. *See Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1261-62 (11th Cir. 2004); *see also Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 n.1 (11th Cir. 1988) (per curiam) ("Pre-trial habeas petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered."). The Rules Governing Section 2254 Cases may also be applied to habeas corpus petitions filed under 28 U.S.C. § 2241. *See* Rules Governing Section 2254 Cases, Rule 1(b). "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." *Id.* Rule 4. "This preliminary review calls on a district court to perform a screening function, ordering summary dismissal where a petition makes no meritorious claim to relief." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020) (per curiam). "Both a procedural bar and a merits-based deficiency could lead a district court to conclude that the petitioner is not entitled to relief." *Id.* at 654 (citation and quotation marks omitted). In reviewing a petition under Rule 4, courts must construe it liberally. *See Enriquez v. Fla. Parole Comm'n*, 227 F. App'x 836, 837 (11th Cir. 2007) (per curiam) (citation omitted).

Even if a federal court may exercise jurisdiction to consider a state court's pretrial detention order, principles of equity, comity, and federalism counsel abstention in deference to ongoing state court proceedings. *See Younger*, 401 U.S. at 43-46; *see also Smith v. Mercer*, 266 F. App'x 906, 908 (11th Cir. 2008) (concluding that *Younger* abstention requires a dismissal without prejudice). "*Younger* abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Christman v. Crist*, 315 F. App'x 231, 232 (11th Cir. 2009).

*Younger* requires that federal courts "abstain if the state criminal prosecution commenced before any proceedings of substance on the merits have taken place in federal court, or if the federal case is in an embryonic stage and no contested matter [has] been decided." *Turner v. Broward Sheriff's Off.*, 542 F. App'x 764, 766 (11th Cir. 2013) (quotation marks omitted). "Federal courts have consistently recognized this limitation on enjoining state criminal prosecutions unless one of a few narrow exceptions is met." *Hughes*, 377 F.3d at 1263. The exceptions to the *Younger* abstention doctrine apply where: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Id.* at 1263 n.6 (citing *Younger*, 401 U.S. at 45, 53-54); *but see Younger*, 401 U.S. at 46 ("Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term.").

## III. DISCUSSION

Here, *Younger* is implicated because Petitioner is in state custody pursuant to pending state criminal charges. *See* 401 U.S. at 42, 48 (showing that the abstention doctrine was established in the context of a challenge presented during pending criminal proceedings). The Palm Beach County criminal prosecution commenced before the Petition was filed. ECF No. [1] at 2; ECF No. [4-1] at 1; *see also For Your Eyes Alone, Inc. v. City of Columbus*, 281 F.3d 1209, 1218 (11th Cir. 2002) (concluding that *Younger* did not apply when an individual's arrest occurred after he initiated the federal action); *Turner*, 542 F. App'x at 767 ("[C]riminal proceedings involve important state interests."). Therefore, because state criminal proceedings involve important state interests, and Petitioner has an adequate opportunity to raise his challenge to the constitutionality of his bond in Florida's state courts, the *Younger* abstention doctrine is applicable. *See Turner*, 542 F. App'x at 766-67 (finding that abstention was appropriate where three *Younger* factors present).

Petitioner has not properly alleged, and the record does not reflect, that one of the *Younger* exceptions is present. *See New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 364 (1989) (finding that absent extraordinary circumstances, federal courts must abstain from adjudicating a claim where doing so would interfere with a state's pending criminal prosecution). Petitioner suggests that "there is no longer an adequate opportunity in the state proceedings to raise the constitutional concern. Thus, the abstention doctrine does not apply." ECF No. [1] at 6 (citing *Adams v. State of Fla.*, 185 F. App'x 816 (11th Cir. 2006)).

However, Petitioner has not shown how the state procedures were deficient in addressing his constitutional challenges. As the United States Supreme Court has made clear, "[m]inimal respect for the state processes, of course, precludes any *presumption* that the state courts will not safeguard constitutional rights." *Middlesex Cnty. Ethics Comm. v. Garden St. Bar Ass'n*, 457 U.S. 423, 431 (1982). The "pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the constitutional claims." *Id.* at 432 (citation and internal quotations omitted)). Petitioner bears the burden of establishing that the state's procedures are inadequate. *See Butler v. Ala. Jud. Inquiry Comm'n*, 245 F.3d 1257, 1262 (11th Cir. 2001).

Petitioner has not met this burden. Moreover, his allegations and the state court records show that Petitioner was afforded adequate process. Petitioner was originally held without bond following his first appearance. ECF No. [1] at 2. He then filed a motion for a pretrial detention hearing pursuant to *State v. Arthur*, 390 So. 2d 717 (Fla. 1980). *Id.* at 2-3. Following this hearing, on April 21, 2021, the trial court ruled that Petitioner was entitled to "a reasonable bond," and bond was set at $300,000.00 "with conditions including house arrest and electronic monitoring." *Id.* at 3.[3] Petitioner filed a motion to reduce bond. *Id.* After conducting a full evidentiary hearing

---

[3] The Court notes that trial court docket reflects that Petitioner's motion to set a bond was granted on May 7, 2021, not April 21, 2021. ECF No. [4-1] at 14.

with testimony from defense witnesses, the trial court denied the motion. *Id.*; *see also* ECF No. [4-1] at 15-16. Petitioner then appealed that denial to the Fourth District Court of Appeal, *see* ECF No. [4-2]; *Dale v. Bradshaw*, No. 4D21-1792 (Fla. 4th DCA June 11, 2021), and then to the Supreme Court of Florida, *see Dale v. Bradshaw*, No. SC21-1035, 2021 WL 3083658, at *1 (Fla. July 21, 2021) (dismissing case for lack of jurisdiction to review decisions of the appellate court without a written opinion); *Dale v. Bradshaw*, No. SC21-1105, 2021 WL 3196464, at *1 (Fla. July 29, 2021) (same). Petitioner does not argue, nor does the record show, that he was denied adequate state court process on his excessive bail claim. Further, the case Petitioner cites to in support stands for an inapposite proposition. *See Adams*, 185 F. App'x at 817 ("Adams . . . indicated that he had the opportunity to not only raise his constitutional issues in the state court proceedings, but also appeal them to a Florida District Court of Appeals. Therefore, . . . the district court did not abuse its discretion [in abstaining under *Younger*].").

Moreover, Petitioner's allegations are not sufficiently "substantial" to warrant relief. *See Hudson v. Hubbard*, 358 F. App'x 116, 118 (11th Cir. 2009) (per curiam) (quoting *Younger*, 401 U.S at 48). In short, the relief Petitioner requests "would create an 'undue interference with state proceedings.'" *Wexler v. Lepore*, 385 F.3d 1336, 1339 (11th Cir. 2004) (quoting *New Orleans Pub. Serv., Inc.*, 491 U.S. at 359).

Even if the Court were to consider the merits of the Petition, Petitioner has not shown that he is entitled to federal habeas relief. "The Eighth Amendment to the Constitution, applicable to the States through the Due Process Clause of the Fourteenth Amendment, . . . provides that '[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.'" *Campbell v. Johnson*, 586 F.3d 835, 842 (11th Cir. 2009) (per curiam) (quoting *Baze v. Rees*, 553 U.S. 35 (2008)).

"Although the Excessive Bail Clause does not guarantee a right to bail, it does guarantee

that any bail imposed 'not be "excessive" in light of the perceived evil.'" *Id.* (quoting *United States v. Salerno*, 481 U.S. 739, 754 (1987)). "[T]he only issue to be resolved by a federal court presented with a habeas corpus petition that complains of excessive bail is whether the state judge has acted *arbitrarily* in setting that bail." *Simon v. Woodson*, 454 F.2d 161, 165 (5th Cir. 1972). Petitioner does not allege that the trial court acted arbitrarily; he merely argues that he cannot afford to pay his bail. ECF No. [1] at 3. As discussed above, the trial court heard Petitioner's motion to reconsider the bail amount, and, after taking evidence, determined that $300,000.00 was reasonable. *Id.*; ECF No. [4-1] at 15-16. "The mere fact that petitioner may not have been able to pay the bail does not make it excessive." *White v. Wilson*, 399 F.2d 596, 598 (9th Cir. 1968); *Harris v. Gee*, No. 12-cv-790-T-30AEP, 2012 WL 3156589, at *2 (M.D. Fla. Aug. 3, 2012).

To the extent Petitioner argues that his bail violates Florida law and the Florida Constitution, this claim is not cognizable on federal habeas review because it asserts no violation of a federal constitutional right. *See Wainwright v. Goode*, 464 U.S. 78, 83 (1983) (per curiam) ("It is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension."); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). A violation of a state rule of procedure, or of state law itself, is not a violation of the federal constitution. *See Wallace v. Turner*, 695 F.2d 545, 548 (11th Cir. 1983) (finding that the federal Constitution does not mandate states to adopt procedural rules; therefore, a violation of a state procedural rule alone does not raise reviewable constitutional questions); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (per curiam) ("It is clear from the foregoing statute that a habeas petition grounded on issues of state law provides no basis for habeas relief.").

Case No. 21-cv-81383-BLOOM

## IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  Petitioner Dametri Dale's Emergency Petition for a Writ of Habeas Corpus, **ECF No. [1]**, is **DISMISSED** pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

2.  The Clerk of Court is directed to make the attached documents a part of the record:

    a.  The online docket for Petitioner's Palm Beach County case, No. 50-2020-CF-001639, ECF No. [4-1]; and

    b.  The online docket for the Fourth District Court of Appeal case, No. 4D21-1792, ECF No. [4-2].

3.  To the extent not otherwise disposed of, all pending motions are **DENIED AS MOOT**.

4.  The Clerk of Court is directed to **CLOSE** the case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 12, 2021.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Dametri Dale, *Pro Se*
#0382978
Palm Beach County Jail
Main Detention Center
Inmate Mail/Parcels
Post Office Box 24716
West Palm Beach, FL 33416